UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HYDRO INVESTORS, INC., also known
as HII,

                                          Appellant,

      -v-                                     6:05-CV-1357

MARINA DEVELOPMENT, INC., FRANKLIN
INDUSTRIAL COMPLEX, INC.; TRAFALGAR
POWER, INC.; ALGONQUIN POWER
CORPORATION, INC.; CHRISTINE FALLS
OF NEW YORK, INC.; and PINE RUN OF
VIRGINIA, INC.;

                                          Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                             OF COUNSEL:

WILLIAM R. MORGAN, ESQ.
Attorney for Appellant
721 University Building
120 East Washington Street
Syracuse, NY 13202

DEVIN B. GARRAMONE, ESQ.
Attorney for Appellant
239 Genesee Street, Suite 105
Utica, NY 13501

HARRIS BEACH PLLC                    WENDY A. KINSELLA, ESQ.
Attorneys for Appellees Marina Development,
  Inc.; Franklin Industrial Complex, Inc.;
  Trafalgar Power, Inc.; Christine Falls of New
  York, Inc.; and Pine Run of Virginia, Inc.;
One Park Place, Fourth Floor
300 South State Street
Syracuse, NY 13202

MENTER RUDIN & TRIVELPIECE, P.C.          JEFFREY A. DOVE, ESQ.
Attorneys for Appellee Algonquin Power, Inc.
308 Maltbie Street
Suite 200
Syracuse, NY 13204-1498

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

### I. INTRODUCTION

Appellant Hydro Investors, Inc. ("HII") appeals from orders of the Hon. Stephen D. Gerling, Chief United States Bankruptcy Judge, entered on August 16, 2005, and October 24, 2005. Appellees Marina Development, Inc. ("Marina"); Franklin Industrial Complex, Inc. ("Franklin"); Trafalgar Power, Inc. ("Trafalgar"); Christine Falls of New York, Inc. ("Christine Falls"); and Pine Run of Virginia, Inc. (collectively "appellees" or "debtors") filed an opposing brief. The appeal was taken on submission without oral argument.

### II. BACKGROUND

In the middle 1980s HII and Trafalgar agreed to jointly develop, construct, operate and maintain hydroelectric power plants in the upstate New York area. To that end, HII and Trafalgar entered into various joint venture agreements. After construction, the plants failed to generate the projected amount of power, leading to a lawsuit for engineering malpractice against the firm that designed the plants and projected their output. HII also filed suit against Trafalgar and other defendants seeking, inter alia, a constructive trust and accounting related to the joint ventures.

The malpractice claim led to a judgment, after a jury trial, in the amount of $7.6 million in favor of Trafalgar and against the engineer and the engineering firm (as to the

Ogdensburg and Forestport plants).  See Hydro Investors, Inc. v. Trafalgar Power, Inc., 63 F. Supp. 2d 225 (N.D.N.Y. 1999), aff'd in part & vacated in part, 227 F.3d 8 (2d Cir. 2000). As to the claims brought by HII, the jury found that a joint venture had been formed with regard to the Forestport, Adams, and Kayuta Lake plants, but that Trafalgar did not breach the contract with regard to those plants.  Id. at 228.

Post-trial motions seeking judgment as a matter of law or for a new trial filed by both HII and the engineering firm were denied.  Id. at 231.  Additionally, Trafalgar's motion to amend the judgment to add prejudgment interest was denied.  Id.  However, on appeal the Second Circuit found that Trafalgar was entitled to prejudgment interest and therefore remanded the matter for a calculation of appropriate interest.  227 F.3d at 22.  Also, as to HII's appeal, the Second Circuit found no error in the "recognition that once the claims for breach of the joint venture contract failed before the jury, the accounting and constructive trust claims were pointless."  Id. at 19.  Accordingly, the court upheld the rejection of those claims.  Id.

In 2001 the debtors filed Chapter 11 petitions in the United States Bankruptcy Court for the Eastern District of North Carolina.  The cases were then transferred to the Northern District of New York.  In March 2002, HII filed four proofs of claim against the bankruptcy estate.  HII's first claim alleged that Marina misappropriated approximately $5 million on January 1, 1988.  The second claim alleged that Franklin misappropriated approximately $3 million sometime around January 1988/1995.  The basis for the misappropriations claims was that Marina and Franklin misappropriated funds from Trafalgar and Christine Falls.  HII asserted that the allegedly misappropriated funds should be returned

to Trafalgar and Christine Falls, to benefit the joint venture projects among it, Trafalgar, and Christine Falls.

HII's third claim was for a $7.3 million debt, incurred January 1, 1989, allegedly owed by Trafalgar based upon a joint venture allegedly secured by real estate. The fourth claim, asserted against Christine Falls, alleged a secured claim of $3.2 million, also allegedly based upon a joint venture and secured by real estate. The third and fourth claims are based upon HII's assertion that the hydroelectric power plants are not property of the bankruptcy estate, but rather are being held in trust by Trafalgar for HII. HII asserts a right to an accounting and recovery of a share of any profits from the joint venture partnership.

Debtors moved to disallow the claims. On August 16, 2005, the Bankruptcy Court disallowed three of the claims. The motion for disallowance of the fourth claim (asserted against Christine Falls) was adjourned indefinitely pending determination of a state court action brought by HII against Christine Falls and Trafalgar. On October 24, 2005, the Bankruptcy Court issued an order denying reconsideration of the August 16, 2005, disallowance of claims one, two, and three. It is from these orders disallowing claims one, two, and three, and denying reconsideration, that HII appeals.

## III. STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact. In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000); In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); Fed. R. Bankr. P. 8013. Conclusions of law are reviewed *de novo.* In re Manville Forest Prods. Corp., 209 F.3d at 128; In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd., 275 B.R. at 703; Fed. R. Bankr. P. 8013.

## III. **DISCUSSION**

The issues on appeal as framed by HII are (1) was it error to conclude that there were conditions precedent to HII's rights to receive net profits of the joint ventures; (2) was it error to determine that the misappropriations claims were barred by the statute of limitations; and (3) was it error to rule that HII acknowledged at an oral argument that the debtors were not liable for any claims. The first issues deals with a question of fact; therefore, the clearly erroneous standard of review applies. The second and third issued involve conclusions of law and thus are subject to *de novo* review.

The Bankruptcy Court concluded that conditions precedent to the possibility of liability on the part of Trafalgar, including meeting the expected energy output at the hydroelectric power projects, were not met. This conclusion was based upon prior decisions both at the trial and appeal levels in the engineering malpractice case, as well as a decision in the District of Columbia Circuit. There was no error in concluding, as three courts previously had done, that there were conditions precedent to HII's entitlement to a share of profits pursuant to the joint venture agreement. Moreover, it must be pointed out that this was only a secondary basis upon which the Bankruptcy Court determined that the third claim against Trafalgar must be disallowed. The primary basis was HII's acknowledgment (through counsel at oral argument) that HII's entitlement to profits was from the joint ventures, not Trafalgar (the correctness of which is the subject of the third issue on appeal).

The second issue on appeal is whether HII's misappropriations claims are barred by the statute of limitations. The essence of these claims is that Marina and Franklin improperly diverted monies belonging to the hydroelectric power projects, that is, the joint ventures. These claims are governed by the three-year statute of limitations applicable to

conversion claims.  See In re Fisher, 308 B.R. 631, 651 (Bankr. E.D.N.Y. 2004); Demas v. Levitsky, 291  A.D. 2d 653, 658 (N.Y. App. Div. 3d Dep't 2002).

The misappropriation upon which the first claim is based occurred in January 1988. The latest date alleged for a misappropriation in the second claim is 1995.  Any claims filed after January 1991 and 1998, respectively, are barred by the statute of limitations.  The proofs of claim in this matter were filed on March 4, 2002.  Accordingly the first and second claims for misappropriation are barred by the statute of limitations.

HII argues that the statute of limitations is inapplicable because it brought suit in equity, not at law.  The basis for its contention that the suit is in equity is that partners cannot sue each other or third-party participants in actions at law, but rather must bring an action in equity for an accounting.  However, regardless of the choice a plaintiff makes as to how to characterize its claim, where the claim is grounded in conversion the three-year statute of limitations applies.  See Guild v. Hopkins, 297 N.Y. 477, 477 (N.Y. Ct. App. 1947) (affirming the lower court finding that "the three-year statute . . . appli[es] to conversion, notwithstanding the plaintiff elected to bring suit in equity for an accounting").

The third issue for resolution is whether HII's counsel at oral argument before the Bankruptcy Court admitted that debtors are not liable for its claims. At the oral argument before the Bankruptcy Court on March 31, 2005, this exchange took place:

> MR. GARRAMONE:  . . . the jury found, after all these arguments that they're trying to put forth here, after all those were heard, the judge still found that there were joint ventures for three projects and the jury found --
>
> THE COURT:  And the joint ventures were between Hydro and Trafalgar only?
>
> MR. GARRAMONE:  And Trafalgar, yes.  And the agreement that they entered into was that these -- that a partnership was formed and that the assets of the

partnership are owned by the partnership, not by Trafalgar. Trafalgar, at best, holds the assets of the partnership in trust.

THE COURT: Okay. All right, I understand that. I don't know that I need to get there. Well, I guess what you're saying is I need to look at the judgment in the federal action to decide whether or not, as you contend, that that action did not ignore or did not deny joint venture status between Hydro and Trafalgar.

MR. GARRAMONE: That's essentially what we're arguing.

THE COURT: And that therefore these joint ventures are what give rise to the claims that Hydro has filed in these cases. But I guess my question is, if the joint venture was between Hydro and Trafalgar, how does Hydro get claims in Marina, Franklin, Christine Falls, et cetera?

MR. GARRAMONE: Well Your Honor, I guess they, <u>in some respect there, we are not creditors.</u> What we're seeing here is that we're owners of --

THE COURT: Okay.

MR. GARRAMONE: -- that <u>the partnership actually owns these assets</u>, so --

THE COURT: So Trafalgar doesn't own anything. The partnership --

MR. GARRAMONE: No, they only have a personal property interest in the assets belonging to the partnership. <u>The partnership has the real property</u> --

THE COURT: Okay, <u>so the only asset that Trafalgar owns is an interest in this partnership</u> that you're talking about?

MR. GARRAMONE: <u>That's exactly right</u>, Your Honor.

(Hearing Tr. 3-31-05 Docket No. 8-8 at 15-16 (emphasis added).) HII claims that it has a right to an accounting and its share of the profits of the projects covered by the joint venture partnership. However, HII admitted that the joint venture partnership, not Trafalgar, owns the assets. According to its own admission, HII is a creditor of the joint venture partnership, not a creditor of Trafalgar. Therefore, the third claim brought against Trafalgar must be disallowed.

**IV. CONCLUSION**

The Bankruptcy Court's determination that conditions precedent to HII's rights under the joint venture agreement were not met was not clearly erroneous. HII's first and second claims are barred by the statute of limitations. Because HII is not a creditor of Trafalgar, the third claim, brought against Trafalgar, is disallowed.

Accordingly it is

ORDERED that the Memorandum-Decision, Findings of Fact, Conclusions of Law and Order of August 16, 2005, and the Order of October 24, 2005, are AFFIRMED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 24, 2007
      Utica, New York.